UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cr-128-MOC-DSC-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| ) | |
| KEVIN JOEL ALMENDARES, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**THIS MATTER** is before the Court on Defendant's Pro Se Motion to Reduce Sentence Pursuant to USSC Amendment 821. (Doc. Nos. 35, 36). Because Defendant is ineligible for sentence reduction under Amendment 821, the Court will deny his motion.

I.   Background

In April 2018, the Government charged Defendant by bill of information with possession with intent to distribute methamphetamine, 21 U.S.C. § 841(a)(1), and possession of firearm in furtherance of drug trafficking, 18 U.S.C. § 924(c). (Doc. No. 1). That same day, Defendant entered into a plea agreement with the Government, and pleaded guilty to both charged counts. (Doc. No. 4). The probation office submitted a presentence report, finding that Defendant had four criminal history points related to prior convictions, resulting in a criminal history category of III. (Doc. No. 30). The Court sentenced to Defendant to 84 months for possession with intent to distribute, and 60 months for possession of a firearm in furtherance of trafficking, to run consecutive for a total term of 144 months imprisonment. (Doc. No. 32). Defendant now asks the Court to reduce his sentence under Amendment 821 to the Sentencing Guidelines.

1

## II. Legal Standard

Amendment 821 to the Sentencing Guidelines made two changes to chapter 4 of the Sentencing Guidelines related to a defendant's criminal history. See U.S.S.G. amend. 821. The Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2). U.S.S.G. amend. 825; see U.S.S.G. § 1B1.10(d).

Part A of the amendment alters Sentencing Guidelines § 4A1.1 to strike the two status points previously assessed under § 4A1.1(d) for defendants who committed their offense while under any criminal-justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. Id. pt. A. Part A adds a new subsection (e) that adds one criminal-history point for any defendant who receives 7 or more points and who committed his offense while under any criminal-justice sentence as described above. Id.

Part B, Subpart 1, of Amendment 821 adds a new guideline provision to chapter four, U.S.S.G. § 4C1.1. This new guideline authorizes a two-offense-level decrease if a defendant has (1) zero criminal-history points, and (2) did not receive a terrorism adjustment under U.S.S.G. § 3A1.4; (3) did not use violence or credible threats of violence in connection with the offense; (4) the offense did not result in death or serious bodily injury; (5) the offense was not a sex offense; (6) did not personally cause substantial financial hardship; (7) did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon in connection with the offense; (8) the offense was not an offense involving individual rights covered by U.S.S.G. 2H1.1; (9) did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and (10) did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing

criminal enterprise, as defined in 21 U.S.C. 848. U.S.S.G. 4C1.1.

For defendants who meet the requirements of Amendment 821, Sentencing Guidelines § 1B1.10 governs eligibility for a sentence reduction. Section 1B1.10(a)(1) authorizes a district court generally to reduce a defendant's sentence in any case in which a defendant is serving a term of imprisonment and the guideline range applicable to the defendant "has subsequently been lowered as a result" of a retroactively applicable amendment to the Guidelines." A defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). A court is limited to a reduction to the bottom of the amended guideline range, after calculating the range that would have applied had the guideline amendment been in effect when the defendant was sentenced. Id. § 1B1.10(b)(2). In calculating the amended range, "the court shall substitute only" the retroactively applicable guideline amendment and "leave all other guideline application decisions unaffected." Id. § 1B1.10(b)(1). If the defendant received a sentence below the applicable guideline range based on a motion filed by the United States for substantial assistance, the court may reduce the defendant's sentence to a term "comparably less than the amended guideline range." Id. § 1B1.10(b)(2)(B). Under no circumstances shall a defendant's sentence be reduced to a term less than the term he has already served. Id. § 1B1.10(b)(2)(C).

**III.     Analysis**

Here, the probation office did not assess Defendant any criminal history points for committing the instant offense while under a criminal justice sentence, rendering him ineligible for reduction under Part A of Amendment 821. And Defendant was assessed more than zero criminal history points, rendering him ineligible for reduction under Part B, Subpart 1, of

Amendment 821. Thus, Defendant is not eligible for sentence reduction under Amendment 821 of the Sentencing Guidelines. The Court will therefore deny Defendant's motion.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Pro Se Motion to Reduce Sentence Pursuant to USSC Amendment 821 (Doc. No. 35) is **DENIED**.

Signed: April 4, 2024

Max O. Cogburn Jr.
United States District Judge